## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FINDIGS, INC.,** | |
| **Plaintiff,** | **CASE NO. 1:22-cv-7404-LGS** |
| -against- | ~~**[PROPOSED]**~~ **PROTECTIVE ORDER** |
| **HENSON ORSER and TWO DOTS, INC.,** | |
| **Defendants.** | |

### ~~[PROPOSED]~~ PROTECTIVE ORDER

Pursuant to the agreement reached between Plaintiff Findigs, Inc. ("Findigs") and Defendants Henson Orser ("Orser") and Two Dots, Inc. ("Two Dots," and collectively, "Defendants") (Findigs, Orser, and Two Dots, together, "the Parties") herein, this Court adopts and orders the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), which binds all Parties and their counsel of record in this Action, whether they currently are involved or become so in the future. The failure of this Protective Order to address any particular issue is without prejudice to any position that a Party may take on that issue.

## I.      DEFINITIONS

A.      <u>Challenging Party:</u> A party that challenges the designation of material, information, or items under this Order.

B.      <u>Confidential Material:</u> Non-public material, information, or items containing information the Producing Party has maintained in confidence and in good faith believes contain personal, financial, trade secret, or other confidential research, development, or commercial information entitled to protection under Federal Rules of Civil Procedure 26(c) or other applicable law.

C.      <u>Counsel:</u> Outside Counsel and In-House Counsel (as well as their support staff).

D.      Designating Party: A Party or Non-Party that designates material, information, or items that it produces in disclosures or in response to discovery as Confidential Material, Highly Confidential Material, or Highly Confidential - Attorneys' Eyes Only Material.

E.      Disclosure or Discovery Material: All material, items, or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Litigation.

F.      Expert: A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Litigation.

G.      Highly Confidential Material: Non-public, highly sensitive Confidential Material or tangible things that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data or information. Such information may include, for example, documents that reflect trade secrets, sensitive business plans or strategy, or confidential research.

H.      Highly Confidential - Attorneys' Eyes Only Material: Non-public, highly sensitive Confidential Material or tangible things that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data or information, the disclosure of which to another Party or Non-Party that the Producing Party or Non-Party believes in good faith carries a substantial risk to cause a competitive disadvantage to the Producing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information may include, for example, documents that reflect strategies or analysis of regulatory

filings, strategic planning information, transactional data, salary or commission data, pricing and cost data and analyses, information on proprietary software or products, or other materials that contain particularly sensitive trade secrets. Before material is designated Highly Confidential - Attorneys' Eyes Only under this subsection, the Designating Party will make a good faith effort to evaluate whether that material meets the requirements for Highly Confidential - Attorneys' Eyes Only material as set forth herein. Highly Confidential - Attorneys' Eyes Only designations must be limited in scope.

I.      Attorneys who are employees of a Party in this Litigation. In-House Counsel does not include Outside Counsel.

J.      Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

K.      Outside Counsel: Attorneys who are not employees of a Party in this Litigation but are retained to represent or advise a Party to the Action, have appeared in the Litigation on behalf of that Party, are affiliated with or contracted by a law firm which has appeared on behalf of that Party, or are otherwise supporting the Party to the Action.

L.      Party: Any party to this Action - Plaintiffs or Defendant - including all of its officers, directors, and employees.

M.      Producing Non-Party: A Non-Party that produces Disclosure or Discovery Material in this Litigation.

N.      Producing Party: A Party that produces Disclosure or Discovery Material in this Litigation.

O.      Protected Material: Any Disclosure or Discovery Material that is designated as Confidential Material, Highly Confidential Material, or Highly Confidential - Attorneys' Eyes

Only Material.

P.      Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## II.    MATERIALS COVERED

A.      Scope: This Protective Order governs the handling of Disclosure or Discovery Material designated as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" (as these terms are defined above) - and applies to all materials produced, given, or exchanged by any Producing Party or Producing Non-Party in the Action (including, without limitation, disclosures, document productions, responses to interrogatories and requests for admissions, and/or responses to subpoenas, pleadings, exhibits, depositions, or other testimony), regardless of the medium or manner in which the materials are generated, stored, or maintained. This includes any material produced, filed, or served by any Producing Party or Producing Non-Party during discovery in this Action or any information included in any materials. Any Producing Party or Producing Non-Party may, based on a good-faith belief that such materials are entitled to protection under Federal Rules of Civil Procedure 26(c) or other applicable law, designate all or any part of a document, discovery response, deposition, or other material that they produce, serve, or provide in connection with the Action as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" as described below. The designation of any material as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" will constitute a representation by a Producing Party or Producing Non-Party that it has made a good-faith determination that any material so designated is confidential or protected under the Federal Rules of Civil Procedure 26 and this Protective Order. In no event shall a Producing Party or Producing Non-Party automatically

designate every document produced as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only."

B.     Notwithstanding the foregoing, information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than a Producing Party or Non-Party, rightfully in possession of such material on a non-confidential basis, will be presumed to be non-confidential material under this Protective Order.

C.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

D.     Any Confidential Material, Highly Confidential Material, or Highly Confidential - Attorneys' Eyes Only Material or materials containing Confidential Material, Highly Confidential Material, or Highly Confidential - Attorneys' Eyes Only Material, whether or not filed with the Court, must be designated as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" respectively, as provided in this Paragraph D. For documents in hardcopy form or modifiable electronic format, such documents must be designated as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" by stamping each page of the document in such a way as not to obscure any part of the text or content. A Producing Party or Producing Non-Party may designate natively produced electronic documents and other non-imaged media as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only," as appropriate, by noting such designation in an accompanying cover letter (i.e., placeholder) and, to the extent possible, by affixing a legend or stamp to the media itself (i.e., disc, hard-drive, etc.) on which the Confidential, Highly

Confidential, or Highly Confidential - Attorneys' Eyes Only Material is provided, and including the appropriate confidentiality designation in the load file provided with the electronic production. Whenever any Party to whom electronically stored documents are produced reduces such documents to hardcopy form, that Party shall designate the hardcopy documents with a legend, stamp, or watermark as provided in this Paragraph. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential - Attorneys' Eyes Only Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only") to each document or page of a document that contains Protected Material.

E.    Testimony provided in this Litigation in deposition or other pretrial proceedings may be designated as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" by any Party or Non-Party if the testimony concerns or relates to that Party's or Non-Party's Confidential, Highly Confidential, or Highly Confidential - Attorneys' Eyes Only Material. Counsel for a Party or any Non-Party may state on the record during a deposition or pretrial proceeding that the testimony and/or proceedings shall be treated as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only." If such a designation on the record is made, the Parties shall treat the entirety of such deposition testimony or testimony during other pretrial proceedings as so designated on the record for a

period of 30 days from the date of receipt by Outside Counsel of a final transcript, during which time a Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted. At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order. Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only." Any rough transcript that is generated before receipt by Outside Counsel of a final transcript also shall be treated during the 30-day period as if it had been designated "Highly Confidential – Attorneys' Eyes Only" in its entirety unless otherwise agreed. After the expiration of that period, the rough and final transcript shall be treated only as actually designated. Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other Parties can attempt to ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only."

F.      Materials produced in some form other than documentary form and any tangible items may be designated as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

G.      Any document produced (or material containing information from a document

produced), any deposition transcripts or exhibits, any Expert reports, any filings, and any other materials from underlying patent litigations involving any of the Parties in this Action, that were designated therein as confidential or highly confidential will be treated as Confidential Material, Highly Confidential Material, or Highly Confidential - Attorneys' Eyes Only Material under this Protective Order, unless the original party that designated the material as confidential agrees otherwise, the document or information has since become public, or the Court orders otherwise.

H.      Any Confidential Material, Highly Confidential Material, or Highly Confidential - Attorneys' Eyes Only Material that was exchanged by the Parties before execution of this Protective Order are also covered by the provisions of this Protective Order.

I.      Notwithstanding any contrary provision of this Protective Order, each Designating Party retains the right to re-designate documents and things, and deposition testimony and other oral disclosures, subject to Paragraph VIII. Upon such re-designation, each Party and Non-Party shall in good faith endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

## III.   USE OF MATERIALS AND DECLARATION

A.      The Parties shall use all Protected Material and information derived from Protected Material solely, as applicable, in furtherance of the prosecution, defense, or attempted settlement of this Action. All materials designated "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients. Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph VII below regarding return or destruction of Protected Material.

B.      Each Receiving Party, except the persons identified in Paragraph IV(A)-(B), (D), (G), and (I) and Paragraph V(A)-(B), (D), and (F) below, shall execute a Declaration in the form annexed hereto as Exhibit A and shall agree to be bound by this Protective Order before receiving any Protected Material. Counsel for each Party shall maintain the executed Declarations and need not provide copies to any other Party, unless there is a genuine dispute between the Parties concerning a person's handling of Protected Material, or except as expressly provided for herein.

C.      Notwithstanding any contrary provision in this Protective Order, a Receiving Party is permitted to disclose Protected Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this Paragraph are followed. The Receiving Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") in this Litigation must provide the Designating Party with written notice of such subpoena or other legal process and include in such notification a copy of the subpoena or court order, via electronic mail or hand delivery, promptly upon receipt but in no event later than within five (5) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Protective Order. If the Designating Party does not move for a protective order in this Court within the time allowed for production by the subpoena or request and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production of documents or proceed with a deposition in response to the request or subpoena. The Subpoenaed Party will not produce any Protected Material while a motion for a protective order brought by the Designating Party

pursuant to this paragraph is pending or while an appeal from or request for appellate review of

such motion is pending, unless a court of competent jurisdiction orders otherwise. In such case,

production of Protected Material pursuant to a court order will not be deemed a violation of this

Protective Order. The Designating Party shall bear the burden and expense of seeking protection

of its Protected Material. The Subpoenaed Party must cooperate with respect to all reasonable

procedures sought to be pursued by the Designating Party whose Protected Material may be

affected.

## IV.    DISCLOSURE OF CONFIDENTIAL MATERIAL

Unless otherwise ordered by this Court or permitted in writing by a Designating Party,

disclosure of Confidential Material may be made only to:

A.      the Court, its secretaries, clerks, law clerks, and other staff;

B.      Outside Counsel and their employed or retained support staff, secretaries,

paralegals, legal assistants, and support services (including, without limitation, copy services,

litigation consultants or vendors, including, but not limited to, document management services,

graphics services, outside exhibit preparation companies, independent support services

personnel, and database/coding service personnel);

C.      In-House Counsel for each Party, as well as the secretarial and clerical employees

of each Party who work regularly with In-House Counsel for the sole purpose of assisting with

the Action;

D.      court reporters/stenographers, court videographers, and similar transcription

services and their support staff (this category hereinafter referred to as "Court Reporters");

E.      any Expert (as defined in this Order) of a Party, including all Non-Party personnel

and support staff assisting such Expert, to whom disclosure is reasonably necessary for purposes

of the Litigation and who has signed the Declaration in the form annexed hereto as Exhibit A;

      F.      any mediators engaged by the Parties, and their support staff;

      G.      any person that counsel for a Party has a good-faith basis to believe prepared, received, reviewed, or had knowledge about the subject matter of the Confidential Material or whose conduct is covered by this Protective Order;

      H.      current or former officers, directors, employees, or affiliated contractors of a Party where the current and former officers, directors, employees, or affiliated contractors are reasonably believed to need access to the Protected Material to advise or be informed about the Litigation, or a person designated as a Federal Rule of Civil Procedure 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Protective Order has signed Exhibit A;

      I.      the author or recipient of a document containing the information; and

      J.      any deponent or witness, during the course of sworn testimony in this Litigation, whom counsel (i) believes in good faith has previously seen the document or (ii) has objective reason to believe possesses knowledge of the subject matter of the confidential information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld. If a dispute arises during a deposition or trial examination concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for immediate resolution. If, despite such efforts, no agreement can be reached, the parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place. Persons authorized to view Confidential Material under this sub-paragraph are not permitted to retain copies of such materials.

## V.  DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIAL

Unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Highly Confidential Material may be made only to:

A.  the Court, its secretaries, clerks, law clerks, and other staff;

B.  Outside Counsel and their employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

C.  In-House Counsel for each Party, as well as the secretarial and clerical employees of each Party who work regularly with In-House Counsel for the sole purpose of assisting with the Action;

D.  Court Reporters;

E.  any Expert (as defined in this Order) of a Party, including all Non-Party personnel and support staff assisting such Expert, to whom disclosure is reasonably necessary for purposes of the Litigation and who has signed the Declaration in the form annexed hereto as Exhibit A;

F.  any mediators engaged by the Parties, and their support staff;

G.  any person that counsel for a Party has a good-faith basis to believe prepared, received, reviewed, or had knowledge about the subject matter of the Confidential Material or whose conduct is covered by this Protective Order;

H.  current or former officers, directors, employees, or affiliated contractors of a Party where the current and former officers, directors, employees, or affiliated contractors are reasonably believed to have had access to the Protected Material in the course of his or her

employment, are reasonably believed to need access to the Protected Materials for purposes of advising on the Litigation, or a person designated as a Federal Rule of Civil Procedure 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Protective Order has signed Exhibit A;

    I.      the author or recipient of a document containing the information; and

    J.      any deponent or witness, during the course of sworn testimony in this Litigation, whom counsel (i) believes in good faith has previously seen the document or (ii) has objective reason to believe possesses knowledge of the subject matter of the confidential information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld. If a dispute arises during a deposition or trial examination concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for immediate resolution. If, despite such efforts, no agreement can be reached, the parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place. Persons authorized to view Confidential Material under this sub-paragraph are not permitted to retain copies of such materials.

## VI.   DISCLOSURE OF HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

Unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Highly Confidential - Attorneys' Eyes Only Material may be made only to:

    A.      the Court, its secretaries, clerks, law clerks, and other staff;

    B.      Court Reporters;

    C.      any mediators engaged by the Parties, and their support staff;

    D.      Outside Counsel and their employed or retained support staff, secretaries,

paralegals, legal assistants, and support services (including, without limitation, copy services, interpreters, translators, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

E.      no more than four Designated In-House Counsel for each Party who are responsible for managing the Action and who have signed the Declaration in the form annexed hereto as Exhibit A;

F.      any Expert (as defined in this Order) of a Party, including all Non-Party personnel and support staff assisting such Expert, to whom counsel in good faith believes disclosure is reasonably necessary for purposes of the Litigation and who has signed the Declaration in the form annexed hereto as Exhibit A;

G.      the person who prepared, authored, received, or reviewed the Highly Confidential - Attorneys' Eyes Only Material, or if there are other indicia that the person has seen the document previously;

H.      any person to whom the Producing Party or Non-Party agrees (in writing) Highly Confidential - Attorneys' Eyes Only information may be disclosed. The Parties agree to confer in good faith to accommodate reasonable requests;

I.      a person designated as a Federal Rule of Civil Procedure 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Protective Order has signed Exhibit A. Persons authorized to view Highly Confidential - Attorneys' Eyes Only Material under this subparagraph are not permitted to retain copies of such materials; and

J.      any deponent or witness, during the course of sworn testimony in this Litigation, whom counsel (i) believes in good faith has previously seen the document or (ii) has objective

reason to believe possesses knowledge of the subject matter of the Highly Confidential - Attorneys' Eyes Only information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld. If a dispute arises during a deposition or trial examination concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for immediate resolution. If, despite such efforts, no agreement can be reached, the parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place. Persons authorized to view Highly Confidential - Attorneys' Eyes Only Material under this sub-paragraph are not permitted to retain copies of such materials.

## VII.   CHALLENGES TO DESIGNATIONS

A Receiving Party is under no obligation to challenge the propriety of a Confidential, Highly Confidential, or Highly Confidential - Attorneys' Eyes Only designation at the time the designation is made, and may challenge such designation at any point up until trial. However, once a party determines a challenge is warranted, it should make a prompt challenge, and no party should unreasonably delay raising such challenges. In the event that a Party disagrees with a Confidential, Highly Confidential, or Highly Confidential - Attorneys' Eyes Only designation made by another Party or a Non-Party, the following procedure shall be used:

A.   The Party disputing a designation of material as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" shall, in writing, notify the Producing Party or Producing Non-Party that it is disputing the designation (the "Challenge Notice"). To avoid ambiguity as to whether a challenge has been made, the Challenge Notice must recite that the challenge to confidentiality is being made in accordance with this Protective

Order. The Challenge Notice shall also: (i) identify the specific materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials); and (ii) specify the reasons the Party believes the materials are not entitled to Protected Material treatment under this Protective Order or the Federal Rules of Civil Procedure. The Producing Party or Producing Non-Party shall respond in writing within fourteen (14) days of receiving the Challenge Notice and state with particularity the grounds for asserting that the document or information is entitled to "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" treatment under this Protective Order or the Federal Rules of Civil Procedure. If the Producing Party or Producing Non-Party makes a timely response, counsel shall then confer in good faith in an effort to resolve the dispute. If the Producing Party or Producing Non-Party does not respond in writing within fourteen (14) days after confirmation of the dispute, the materials will be presumptively determined to be non-confidential and not subject to confidential treatment under this Protective Order or the Federal Rules of Civil Procedure. If a large number of designations are challenged at once, the Producing Party or Producing Non-Party may request additional time to respond.

B.       If counsel for the Parties are unable to resolve the dispute, the Challenging Party may file a motion within fifteen (15) days of the parties reaching an impasse to challenge the confidentiality designation of any Protected Material. The Producing Party or Producing Non-Party's failure to timely oppose such motion challenging the designation of documents shall result in a waiver of the challenged designation. The Producing Party or Producing Non-Party will have the burden of proof to establish the propriety of its designations of material as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only." The Challenging Party shall not make frivolous challenges or those otherwise made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties). Any challenge found to be frivolous or otherwise made for an improper purpose may expose the Challenging Party to sanctions. The document or thing that is the subject of the filing will be treated as originally designated pending resolution of the dispute.

## VIII.   HANDLING OF PROTECTED MATERIALS

Persons who have been shown Protected Material pursuant to this Protective Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Protected Material or documents that reflect Protected Material. Within forty-five days after such time as this Action is concluded, by either the later of (1) dismissal of all claims and defenses in the Litigation, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, counsel will, at their option, return or undertake commercially reasonable efforts to destroy all Protected Material (including but not limited to copies in the possession or control of any Expert or employee). Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 45-day deadline that (1) states that all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, as to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Protective Order, to retain such work product in their files, so long as the terms of this Protective Order will continue to govern any such

retained materials. In addition, counsel shall be entitled, without violating this Protective Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and email (and attachments)), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Protected Material, so long as this Protective Order will continue to govern any such retained materials. If a Party settles and/or otherwise is dismissed from the Action before the conclusion of the Action (a "Dismissed Party"), then the Dismissed Party must follow the requirements set forth in this Paragraph. The Dismissed Party must either return or destroy all Protected Material received in the Action, as set forth above, within 60 days of settling and/or being dismissed from the Action. Any other Party remaining in the Action is not required to return any Protected Material received from the Dismissed Party until the Action is concluded, as set forth above. For the avoidance of doubt, nothing in this Paragraph obligates any Party to destroy its own Protected Material at the close of this Action or at any other time.

## IX.   INADVERTENT FAILURE TO DESIGNATE

In the event that Protected Material is inadvertently produced without having been marked "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only," the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it. The Designating Party must then, within ten days of its written request, or such other time as agreed by the Parties, reproduce the document, paper, or thing with the appropriate confidentiality designation.

The Receiving Party shall then replace the incorrectly designated materials with the

newly designated materials and shall, within ten days of receipt of the replacement set, return the

non-designated material, or confirm in writing that all copies of it have been destroyed. The

inadvertent failure of a Producing Party or Producing Non-Party to designate a document as

"Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" at the

time of production will not operate as a waiver of the rights and protections afforded by this

Protective Order, either as to specific information in the document or as to any other information

relating thereto or on the same or related subject matter. No Party will be deemed to have

violated this Protective Order if, before notification of any later designation, such material has

been disclosed or used in a manner permitted under this Protective Order but inconsistent with

the later designation.

Once a designation is made, however, the relevant documents or materials must be

treated as Confidential, Highly Confidential, or Highly Confidential - Attorneys' Eyes Only in

accordance with this Protective Order. If material inadvertently not designated is, at the time of

the later designation, already filed with a court on the public record, the Producing Party or

Producing Non-Party that failed to make the designation will, at its discretion, move for

appropriate relief.

## X.   INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY

If a Receiving Party learns that it has inadvertently disclosed Protected Material to any

person or disclosed Protected Material in any circumstance not authorized by this Protective

Order, the Receiving Party shall, as soon as is practicable but no later than within five business

days: (i) notify in writing the Designating Party of the unauthorized disclosure; (ii) use its best

efforts to retrieve all copies of the Protected Material; and (iii) inform the person or persons to

whom unauthorized disclosure was made, to the extent the person or persons are identifiable, of

all the terms of this Protective Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A. If Protected Material is used inadvertently during depositions in contravention of other provisions of this Protective Order, the Protected Material will not lose its Confidential, Highly Confidential, or Highly Confidential - Attorneys' Eyes Only status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If such Protected Material is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

## XI.    REQUEST TO A PARTY SEEKING NON-PARTY CONFIDENTIAL INFORMATION

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, custody, control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party. If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information. If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the

Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XII.  INFORMATION FROM NON-PARTY SOURCES

To the extent that any discovery requests pursuant to the Federal Rules of Civil Procedure are served on a Non-Party, the Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Protective Order. A Non-Party may designate Protected Material as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" pursuant to the provisions of this Protective Order. Documents produced in this Litigation by Non-Parties that consist of or contain portions of documents originally created or generated by a Party will be treated as Highly Confidential - Attorneys' Eyes Only until the expiration of a fifteen-day period after the receipt by the Parties in this Action. During that fifteen-day period, if any Party believes a Non-Party has produced information from that Party that the Party believes should be designated as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only" that Party may notify the Non-Party and the other Parties that the Non-Party may have inadvertently failed to designate the information as "Confidential," "Highly Confidential," or "Highly Confidential - Attorneys' Eyes Only." The Non-Party may then correct the designation as provided in Paragraph VIII. Nothing in this Paragraph prevents a Party from treating documents produced by Non-Parties that are publicly available as Non-Confidential Material during the 15-day period.

Furthermore, the Parties agree to meet and confer about the use of specific documents produced by Non-Parties if during the 15-day review/notification period (discussed above), one of the Parties would like to use such documents for a deposition, briefing, or other time-sensitive use.

## XIII.   FILING PROTECTED MATERIAL WITH THE COURT

The following provisions govern the treatment of Confidential, Highly Confidential, and/or Highly Confidential - Attorneys' Eyes Only Information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings. These provisions are subject to the Federal Rules of Civil Procedure, the Local Rules, and Judge Schofield's Individual Rules and must be construed in light of those Rules.

A party that files with the Court, or seeks to use at trial, materials designated as Confidential, Highly Confidential, and/or Highly Confidential - Attorneys' Eyes Only Information, shall file the record containing such information under seal only as provided in Judge Schofield's Individual Rule I.D.3.

## XIV.   NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES

A.      No subpoenas (for depositions or documents) need be served on any expert in this case. Instead, the Party or Parties retaining such an expert will make him or her available for deposition at a time mutually agreed to by the Parties. In addition, the Party or Parties retaining an expert from whom a report is provided will make all requisite disclosures at the time of service.

B.      The below-listed categories of documents, recording media, and communications need not be disclosed by any Party and an Expert may not be examined at deposition, hearing, or trial on the contents of the below-listed categories of documents, recording media, and communications: (i) any notes or other writings taken or prepared by or for an Expert witness in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including (a) written correspondence or memoranda to or from, and notes of conversations between and among the expert witness and (1) the Expert's assistants and/or

support staff, (2) other Expert witnesses or non-testifying expert consultants, including their staffs, (3) attorneys for the Party or Parties, including their staffs, (4) a Party's current or former officers, directors, employees, or affiliated contractors and/or (b) copies of materials produced by any Party in this Action bearing the notes, markings, or comments of the Expert, the Expert's assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs); (ii) any draft reports, draft studies, draft work papers, draft declarations, or other draft materials prepared by, for, or at the direction of an Expert witness, regardless of the form in which the draft is recorded; and (iii) any oral or written communication between and among an Expert witness and the Expert's respective assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs), regardless of the form of the communications, except to the extent the communications relate to compensation for the Expert's work or testimony in this case.

C.      The foregoing exclusions from discovery set forth in subparagraph (B) do not apply to any communications, documents, data sets, or analyses upon which an Expert specifically relies as a basis for his or her ultimate opinion.

D.      Without varying the above paragraphs, examination will be permitted on alternative analyses, methodologies, or approaches to issues on which the Expert is testifying, regardless of whether the expert considered them in forming the Expert's opinions, and on any matter not excluded from disclosure by the terms of this Protective Order.

## XV.   FURTHER APPLICATION

Nothing in this Protective Order precludes any Party, or any Non-Party from whom discovery has been requested, from applying to the Court for additional or different protective

provisions with respect to specific material if the need arises during this Action. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Protective Order, during the pendency of this Action and for such time thereafter as is needed to carry out the terms of this Protective Order.

## XVI.    MODIFICATION BY THE COURT OR THE PARTIES

The Court retains the right to modify this Protective Order. Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Protective Order for good cause.

## XVII.    RIGHT TO ASSERT OTHER OBJECTIONS

No Party waives through entry of this Protective Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## XVIII.    USE BY PARTY OF ITS OWN MATERIALS

Nothing in this Protective Order prevents a Party from using its own Protected Materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a Party of its own Protected Material will constitute the Party's waiver of the designation of that document for its use by any Party in this Action.

## XIX.    RIGHT OF A PARTY TO USE INDEPENDENTLY OBTAINED DOCUMENTS

Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a Party of documents, material, or information obtained by such Party independent of formal discovery proceedings in this Litigation.

## XX.   VIOLATIONS

The Court has jurisdiction to enforce this Protective Order and to grant relief, as authorized by law or in equity, for any violations thereof.

## XXI.   NO EFFECT ON ARBITRATION OF CLAIMS

The terms of this Protective Order do not waive any and all rights of the Parties to proceed by way of individual arbitration instead.

## XXII.   PARTY ACKNOWLEDGMENT REGARDING COURT DISCRETION

The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

The parties are apprised that the Court retains discretion whether to afford confidential treatment to information contained in Opinions and Orders.

Dated: December 20, 2022

CROWELL & MORING LLP                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   _/s/ Gabriel M. Ramsey_____       By:   _/s/ Adam E. Collyer_____
        Gabriel M. Ramsey (*pro hac vice*)               Adam E. Collyer
        Joachim B. Steinberg                                     Brian Pete

        *Attorneys for Defendants*                        *Attorneys for Plaintiff Findigs, Inc.*
        *Henson Orser and Two Dots, Inc.*


**SO ORDERED**.

Date:   December 21, 2022
        _____

        **LORNA G. SCHOFIELD**
        **UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [FULL NAME], of

_____ [COMPANY AND FULL

ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Southern District of

New York on _____ [DATE] in the case of *Findigs, Inc. v. Henson Orser and Two Dots,*

*Inc.,* Civil Action No. 22-cv-07404-LGS.  I agree to comply with and to be bound by all the

terms of the Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State (or Country if outside the United States) where sworn and signed:

_____

Printed Name: _____

Signature: _____