

**Joachim B. Steinberg**
jsteinberg@crowell.com
(415) 365-7461 direct

Crowell & Moring LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
+1.415.986.2800 main

January 4, 2023

**VIA ECF**

Honorable Lorna G. Schofield, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** ***Findigs, Inc. v. Henson Orser and Two Dots, Inc.*, 1:22-cv-07404-LGS: *Letter Motion Requesting Discovery Conference***

Dear Judge Schofield:

Defendants Henson Orser ("Mr. Orser") and Two Dots, Inc. ("Two Dots," and collectively "Defendants") respectfully request a discovery conference under Local Civil Rule 37.2 and the Court's Individual Rules II.B.2 and III.A.1.[1] Defendants ask the Court for relief because Plaintiff Findigs, Inc. ("Findigs") has improperly refused to respond to many of Defendants' Requests for Production (Sets One and Two) and several of Defendants' Interrogatories (Sets One and Two). Plaintiff alleges that Mr. Orser, a former employee, has misappropriated trade secrets and breached his fiduciary duties to Findigs by founding Two Dots, and that there is consumer confusion between the two companies. But Plaintiff has refused to identify its trade secrets or customers or agree to produce relevant documents.

Defendants served Sets One and Two of their Requests for Production and Interrogatories on November 3 and 18, 2022. Defendants gave Plaintiff an extension to December 12th to respond to the first set of requests.[2] Defendants wrote to Plaintiff to explain the deficiencies in Plaintiff's responses on December 16th, and again on December 21st. Plaintiff did not respond to either letter, or provide a time to meet and confer, despite repeated requests for a discussion, until December 26, 2022. The parties finally spoke on December 29, 2022, but several disputes remain outstanding. Defendants sent another letter on December 29th, noting that Defendants intended to raise the enclosed issues with the Court and requesting a response by January 4, 2023. Plaintiff did not respond substantively to that letter, and so Defendants now ask the Court to intervene.

[1] Based on our understanding of Your Honor's Individual Rule III.A.1, the page limit for this Letter Motion is three single-spaced pages including exhibits. As a result, we have not attached the parties' correspondence or the document requests and objections, but can provide both upon request.

[2] Plaintiff responded to the second set on December 20, 2022, which made its responses and objections untimely and waives any objections to those requests. See, e.g., Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (collecting cases). In the interest of compromise, however, Defendants agreed to discuss Plaintiff's objections on their substantive merit.



**Defendants' Requests for Production (Sets One and Two)**

*First*, Plaintiff has objected to all of Defendants' Requests for Production on the basis of ambiguity as to time and scope. But while Plaintiff has stated that it will search for documents from the start date of Mr. Orser's employment with Findigs on, Plaintiff has refused to confirm that it does not intend to assert trade secrets created before that date, or if there were any issues relevant to damages, such as business opportunities that Plaintiff claims were usurped or customer confusion, before that date. Defendants ask the Court to either compel a complete production, or preclude any evidence from before that production date.

*Second*, Plaintiff objects to many of Defendants' Requests for Production because they purportedly "seek[] protected proprietary information." But there is a protective order in place. (*See* Dkt. 32.) Because Plaintiff can designate information as confidential, and when appropriate, "attorneys' eyes only," Plaintiff should not be permitted to withhold documents on that basis.

*Third*, Plaintiff has refused to produce documents related to the core of its trade secrets claim, including refusing to produce documents responsive to RFPs Nos. 38 and 39, which seek "ALL DOCUMENTS and things related to the development of the ASSERTED TRADE SECRETS," and "DOCUMENTS sufficient to show the identity and role of each person involved in developing the ASSERTED TRADE SECRETS." But Defendants are entitled to documents showing how trade secrets were developed. *Ad Lightning Inc. v. Clean.io, Inc*., 2020 WL 4570047, at *3-4 (S.D.N.Y., 2020).

*Fourth*, Plaintiff refuses to produce documents relevant to damages. RFP No. 34 seeking "financial statements from 2020 to present." Plaintiff has only proposed creating "a summation," which would not only be inadmissible as hearsay but would not allow Defendants to test Plaintiff's claims. Plaintiff made the same response to RFPs Nos. 59 and 60, which requested information about the valuation of the asserted trade secrets. Plaintiff's refusal to provide this information is improper because trade secrets must be narrowly defined with specificity *before* depositions take place. *See Sit-Up Ltd. v. IAC/InterActiveCorp.*, 2008 WL 463884, at *6 (S.D.N.Y. Feb. 20, 2008); *see also Medidata Sols., Inc. v. Veeva Sys., Inc.*, 2022 WL 585734, at *1 (S.D.N.Y. Feb. 25, 2022)

*Fifth*, Plaintiff refuses to search for software licensing documents (RFP No. 3); agreements with third parties (RFP No. 16) or its customers (RFP No. 16); or documents provided to its customers about the asserted trade secrets and confidentiality measures in place. (RFPs Nos. 40-41 and 53-54.) But these documents are all directly relevant to Plaintiff's claims that it has trade secrets which have not been disclosed elsewhere, that Mr. Orser misappropriated them or usurped business opportunities, and that there are instances of customer confusion. *See, e.g.*, *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 424-27 (S.D.N.Y. 2021); *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 520 (S.D.N.Y. 2017); *See Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 283 (S.D.N.Y., 2021). Plaintiff has also refused to search for documents related to employee departures (RFPs Nos. 47-48 and 51-52). Plaintiff's reasonable efforts to protect its trade secrets, including through employee departure policies and procedures, are relevant to the claims and defenses in this case. *See, e.g.*, *Medidata Sols., Inc.,* 2018 WL 6173349, at *3; *Charles Ramsey Co., Inc. v. Fabtech-NY LLC*, 2020 WL 352614, at *15 (N.D.N.Y. Jan. 21, 2020); *Core SWX, LLC v. Vitec Grp. US Holdings, Inc.*, 2022 WL 3588081, at *8 (E.D.N.Y. Jul. 14, 2022).

*Finally*, RFPs Nos. 30 and 55 seek "ALL non-privileged DOCUMENTS CONCERNING to [Plaintiff's] decision to initiate this Lawsuit" and "All DOCUMENTS relating to [Plaintiff's] investigation into TWO DOTS leading up to the filing of this Action." Plaintiff's decision to initiate this lawsuit is directly relevant to, at the very least, Defendants' defense of unclean hands.



If there are no non-privileged documents responsive to these requests, Defendants are entitled to a response that so states.

**Defendants' Interrogatories (Sets One and Two)**

Plaintiff refuses to search for or provide any information responding to Interrogatories Nos. 1, 4, and 5. Those interrogatories ask Plaintiff to "IDENTIFY and DESCRIBE the asserted trade secrets with reasonable particularity" (Interrogatory No. 1,) "IDENTIFY the ASSERTED TRADE SECRETS YOU contend ORSER had access to" (Interrogatory No. 4,) and "For each of YOUR ASSERTED TRADE SECRETS, IDENTIFY the value YOU attribute to it. (Interrogatory No. 5,)

Plaintiff's objection to these Interrogatories is an assertion that they violate Local Civil Rule 33.3.[3] Plaintiff's reliance on that rule is misplaced. *First*, these requests only seek a description of the asserted trade secrets and their value, and thus are within the types of requests permitted. *Second*, the rule explicitly provides for interrogatories where "they are a more practical method of obtaining the information sought than a request for production or a deposition…" L.R. 33.3(b)(1); *see also Ohanian v. Apple*, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022) (Schofield, J.) *Third,* the scheduling order expressly contemplates the use of interrogatories. (*See* Dkt. 23 ¶ 8(d) (interrogatories included on the scheduling order).) Thus, interrogatories other than those seeking information described in L.R. 33.3(a) have been ordered by the Court, per L.R. 33.3(b)(2).

Plaintiff also claims that it has already provided an adequate definition of its trade secrets in its Complaint, but that definition, in paragraph 81, is generic and non-specific. (*See* Dkt 1 ¶ 81.) Trade secrets must be described specifically enough "that the defendant can defend [itself] adequately against claims of trade secret misappropriation, and can divine the line between secret and non-secret information, and so that a jury can render a verdict based on a discriminating analysis of the evidence of disclosure and misappropriation." *Sit-Up Ltd.*, 2008 WL 463884, at *11; *see also Ferguson v. Ferrante*, 2014 WL 1327968, at *2 (S.D.N.Y. Apr. 3, 2014). And, as noted above, even if document production would be a more efficient way to identify trade secrets, Plaintiff has largely refused to produce documents.

Defendants request a discovery conference to discuss compelling Plaintiff to respond to their discovery requests. Because discovery is scheduled to close on February 24, 2023, Defendants respectfully request that a conference be scheduled on January 19, 2023 or at the Court's earliest convenience.

Respectfully,

Joachim B. Steinberg
Gabriel M. Ramsey (*pro hac vice*)
CROWELL & MORING LLP
*Attorneys for Defendants*
*Henson Orser and Two Dots, Inc.*

---

[3] Plaintiff has also refused to respond to Interrogatories 7-9 on the same basis. Defendants have agreed to delay seeking the Court's intervention on those responses pending further discussion and anticipated deposition testimony, but reserve all rights.